IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

THOMAS ROACH,

        Plaintiff,

        v.

JOHN SNOOK; NORTHWEST TRUSTEE
SERVICES, INC.; CITIMORTGAGE,

        Defendants.

1:14-cv-00583-CL

**ORDER**

---

**PANNER, District Judge:**

    This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order (TRO) (#4). Plaintiff, proceeding pro se, seeks to enjoin the eviction order apparently issued by the Josephine County Circuit Court. Because of the prohibitions on enjoining ongoing state proceedings and because Plaintiff has not shown a likelihood of success on the merits of this case, I DENY the motion.

    The standard for a temporary restraining order (TRO) is essentially identical to the standard for a preliminary injunction. See Stuhlbarg Intern. Sales Co., Inc. v. John D.

1 - ORDER

Brush and Co., Inc., 240 F.3d 832, 839, n. 7 (9th Cir. 2001); see
also Sam v. Deutsche Bank Nat. Trust Co., 3:13-cv-1521-MO, 2013 WL
6817888 (D. Or. Dec. 23, 2013).

"A plaintiff seeking a preliminary injunction must establish
that he is likely to succeed on the merits, that he is likely to
suffer irreparable harm in the absence of preliminary relief, that
the balance of equities tips in his favor, and that an injunction
is in the public interest." Winter v. Natural Resources Defense
Council, Inc., 555 U.S. 7, 20 (2008).

Further, a TRO may only be issued without notice to the
adverse party if the moving party shows "specific facts in an
affidavit or a verified complaint clearly show that immediate and
irreparable injury, loss, or damage will result to the movant
before the adverse party can be heard in opposition[,]" and "the
movant's attorney certifies in writing any efforts made to give
notice and the reasons why it should not be required." Fed. R.
Civ. P. 65(b)(1).

As a final matter, the court may issue a temporary
restraining order "only if the movant gives security in an amount
that the court considers proper to pay the costs and damages
sustained by any party found to have been wrongfully enjoined or
restrained." Fed. R. Civ. P. 65(c).

In this case, it appears that Plaintiff is facing eviction as
part of a Forcible Entry and Detainer (FED) proceeding initiated
in Josephine County Circuit Court. Under the Anti-Injunction Act,
a federal court may not stay proceedings in state courts "except
as expressly authorized by Act of Congress, or where necessary in

2 - ORDER

aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. The Anti-Injunction Act serves as an absolute bar to federal injunctions of state court proceedings except within the three narrowly defined exceptions laid out by the Act itself. Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977). The Court cannot place the facts of this case within any of the narrow exceptions to the Anti-Injunction Act.

The Court acknowledges that eviction is a serious and potentially irreparable harm. However, Plaintiff appears to seek to reverse the foreclosure of the property at issue and the sale of the property to a private party. Although the allegations put forward by Plaintiff are not entirely clear, post-sale challenges to completed foreclosure proceedings are generally barred. See Mikityuk v. Northwest Trustee Serv., Inc., 952 F. Supp. 2d 958 (D. Or. 2013). Accordingly, the Court cannot conclude that Plaintiff has shown a likelihood of success on the merits. On balance, the Court finds that Plaintiff has not met the requirements for the issuance of a TRO.

### Conclusion

Plaintiff's Motion for a Temporary Restraining Order (#4) is DENIED.

IT IS SO ORDERED.

DATED this __11__ day of April, 2014.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER