```
            IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

                        MEDFORD DIVISION
```

THOMAS ROACH,

        Plaintiff,

                          1:14-cv-00583-PA

v.                            **ORDER**

JOHN SNOOK; NORTHWEST TRUSTEE
SERVICES, INC.; CITIFINACIAL,

        Defendants.

---

**PANNER, District Judge:**

    This matter comes before the Court on Defendants Northwest Trustee Services, Inc. and CFNA Receivables Inc.'s Request for Judicial Notice (#54), Plaintiff's Request for Judicial Notice (#63), Plaintiff's Motion for Leave to File Amended Complaint (#58) and Defendants' Motions to Dismiss (##49, 53, 54).

### Background

    Plaintiff in this matter was the owner of property in Josephine County, Oregon. On May 28, 1999, Plaintiff entered into a mortgage loan secured by a deed of trust.

    The promissory note on Plaintiff's loan was payable to

1 - ORDER

Associates Financial Services Company of Oregon, Inc., an Oregon corporation. Defendant CFNA Receivables, Inc. (incorrectly identified in the Amended Complaint as CitiFinancial) was successor by merger to Associates Financial Services Company.

On July 27, 2011, Defendant Northwest Trustee Services, Inc. (NWTS) was appointed successor trustee for the deed of trust.

At some point, Plaintiff defaulted on the loan. He was sent a notice of default on August 8, 2011, and a notice of trustee's sale was recorded on August 10, 2011. Plaintiff retained an attorney, Patrick Kelly, in an unsuccessful attempt to avert foreclosure. The property was sold at auction to the bank on March 16, 2012, and the sale was recorded on March 23, 2012. On July 11, 2013, the bank sold the property to Defendant John Snook. Defendant Snook thereafter initiated an eviction proceeding in the Josephine County Circuit Court and it appears that Plaintiff is no longer in possession of the property.

### Legal Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic

2 - ORDER

recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216, <u>reh'g en banc denied</u>, 659 F.3d 850 (9th Cir. 2011).

## Discussion

### I. Judicial Notice

Federal Rule of Evidence 201 provides that the court may take judicial notice of a fact that is not subject to reasonable dispute because it 1) is generally known within the court's territorial jurisdiction or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2). The court may also take judicial notice on its own. Fed. R. Evid. 201(c)(1).

In this case, Defendant NWTS and CFNA jointly request that I take judicial notice of 1) the recorded appointment of successor trustee, 2) the recorded notice of default and election to sell, 3) the recorded notice of sale, and 4) the trustee's deed upon sale. I note that all of these documents are public records and not subject to reasonable dispute. Accordingly, I conclude that judicial notice is appropriate. Defendant Snook has provided his title insurance policy for the property at issue, as well as the special statutory warranty deed by which he took title to the property. I conclude that these documents are similarly

3 - ORDER

appropriate for judicial notice and, although Defendant Snook does not expressly request judicial notice, I take notice of them of my own accord.

Plaintiff has also filed a request for judicial notice, requesting that I take judicial notice of a number of documents, including 1) the appointment of successor trustee, 2) the trust deed, 3) the notice of default and election to sell, 4) the trustee's deed, and 5) the special statutory warranty deed. As the listed documents are public documents, I conclude that they are appropriate for judicial notice. In addition to these public records, Plaintiff also requests that I take judicial notice of a number of legal arguments. Legal arguments are not properly the subject of judicial notice. Fed. R. Evid. 201. Plaintiff also requests that I take judicial notice of the deposition testimony of NWTS employee Jeff Stenmans, apparently taken in another case. The contents of a deposition are not a clearly established "fact" and are therefore inappropriate for judicial notice. In re Oravle Corp. Securities Litigation, 627 F.3d 376, 386 n.1 (9th Cir. 2010). I decline, therefore, to take judicial notice of either the legal arguments or the deposition testimony offered by Plaintiff.

**II. Jurisdictional Issues**

Defendants raise a number of jurisdictional challenges to Plaintiff's claims. Plaintiff's first asserted basis for federal jurisdiction is diversity, pursuant to 28 U.S.C. § 1332. The basic requirement of 28 U.S.C. § 1332 is that all plaintiffs be of different citizenship than all defendants. The inclusion of even

4 - ORDER

one nondiverse party "contaminates" the complaint. <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 545 U.S. 546, 562 (2005). In this case, it appears that both Plaintiff and Defendant Snook are citizens of Oregon. Accordingly, the exercise of diversity jurisdiction is improper.

Plaintiff's Amended Complaint also alleges federal question jurisdiction, based on "False Claims Act and Fraudulent Transfer Act Tort land issues." Plaintiff fails to allege facts establishing a private right of action under the False Claims Act, 31 U.S.C. § 3729 *et seq*. Nor does it appear that any of the provisions of the Act apply to the facts or claims presented in the Amended Complaint.

"Fraudulent Transfer Act Tort land issues" is presumably a reference to Oregon's adoption of the Uniform Fraudulent Transfer Act ("UFTA"), ORS 95.200 *et seq*. Plaintiff does not explain how the UFTA would create federal question jurisdiction. Nor would Plaintiff be entitled to the relief he seeks under the UTFA. See <u>Kellstrom Bros. Painting v. Carriage Works, Inc.</u>, 117 Or. App. 276, 279 (1992)(holding that the UFTA does not apply to transfers of property encumbered by valid liens, including "security interests created by agreement.")

Finally, Plaintiff devotes a considerable portion of his Amended Complaint to disputing the validity and means of the state court eviction proceeding against him. "The Rooker-Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." <u>Reusser v. Wachovia Bank, N.A.</u>, 525 F.3d 855,

5 - ORDER

858-59 (9th Cir. 2008). The doctrine bars federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." Id. (internal quotation omitted). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are inextricably intertwined with a state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. (internal quotation omitted).

It seems, based on the pleadings, that the state court eviction proceeding is complete. The portions of this action dealing with the eviction appear to be an improper collateral attack on that judgment. The Rooker-Feldman Doctrine prohibits this Court from exercising *de facto* appellate jurisdiction over such matters.

### III. Motions to Dismiss

As discussed above, this Court is without jurisdiction to consider Plaintiff's challenges to the state court eviction proceedings. Plaintiff also raises a number of other disjointed and confusing allegations, such as "John Snook has injured me by not taking maters serious to have investigated if there was truly a clear title before he purchases my home." These allegations do not state a cause of action and are, in any event, conclusory.

The remaining claim in the case deals with Plaintiff's challenge to a completed non-judicial foreclosure. Defendants

contend that Plaintiff's challenge is barred by ORS 86.797[1].

ORS 86.797 provides:

> If, under ORS 86.705 to 86.815, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.764 and 86.774 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

ORS 86.797(1).

Courts in this district have held that ORS 86.797 bars rescission of a foreclosure sale when a borrower has received the notice required under ORS 86.764 (formerly ORS 86.740) and the property is sold to a *bona fide* purchaser. Mikityuk v. Northwest Trustee Serv. Inc., 952 F. Supp.2d 958, 970 (D. Or. June 26, 2013); Chen v. Bank of America, N.A., No. 3:12-cv-194-PA, 2013 WL 3929854 at *2 (D. Or. July 25, 2013); Woods v. US Bank, N.A., No. 3:12-cv-01052-BR, 2013 WL 5592962 at *5 (D. Or. Oct. 10, 2013).

In Mikityuk, the plaintiffs waited until nineteen months after the foreclosure sale before filing suit. Mikityuk, 952 F. Supp.2d at 960. In that case, I held:

> The legislature provided notice and reinstatement provisions to protect grantors against the threat of wrongful foreclosure. Voiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale. Grantors are wise to raise any challenges to non-judicial

---

[1] Defendants motion refers to ORS 86.770. ORS 86.770 was renumbered ORS 86.797 by the Oregon Legislature in 2013.

7 - ORDER

>   foreclosure proceedings, including challenges based on
>   ORS 86.735, before the statutory presumption of finality
>   contained in ORS 86.780. Post-sale challenges run the
>   risk of being barred, as is the case here, because the
>   grantors' interest in the property was "foreclosed and
>   terminated" pursuant to ORS 86.770(1).

Id. at 970.

In this case, Plaintiffs initiated this action in April, 2014, more than two years after the non-judicial foreclosure sale was complete and nearly a year after the property was sold to Defendant Snook. Although not alleged in the Amended Complaint, Plaintiff devotes considerable time in his briefing to the allegation that his property was not correctly identified in the foreclosure documents. As in Mikityuk, the time for bringing such a challenge is long past. Plaintiff does not allege in the Amended Complaint that he did not receive notice of the non-judicial foreclosure. Nor can Plaintiff amend his complaint to plausibly allege that he did not receive notice of the foreclosure proceeding because he alleges that he retained an attorney[2] "to defend my case and hopes to stop the foreclosure." I conclude, therefore, that Plaintiff's challenge to the completed non-judicial foreclosure is barred by ORS 86.797. Defendants' Motions to Dismiss are GRANTED.

**IV. Motion to Amend the Complaint**

On September 10, 2014, Plaintiff filed an amended complaint in this case. At a scheduling conference held on October 10,

---

[2] Plaintiff devotes a considerable portion of his Amended Complaint to allegations concerning the injuries caused by his attorney's misconduct. The attorney is not named as a defendant, nor does Plaintiff seek any relief from the attorney.

8 - ORDER

2014, Plaintiff made an oral motion to amend the complaint, which was denied. Plaintiff renewed that motion in writing on October 27, 2014, and attached his proposed Second Amended Complaint. Defendants oppose Plaintiff's motion to amend.

A party may amend its pleadings once as a matter of right within certain limitations. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." Id.

Leave to amend is not automatic, however. Courts are directed to consider 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and 5) whether plaintiff has previously amended his complaint. In Re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).

A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The proper test for determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Fed. R. Civ. P. 12(b)(6). Id.

In this case, Plaintiff's proposed Second Amended Complaint ("SAC") seeks to add an unknown number of Doe defendants. The SAC alleges diversity as the only basis for jurisdiction. As

9 - ORDER

discussed above, both Plaintiff and Defendant Snook are citizens of Oregon. The exercise of diversity jurisdiction is therefore inappropriate.

The SAC brings claims for declaratory relief, slander of title, and to quiet title. The claim for declaratory relief is disjointed, incomprehensible, and appears to rely on Minnesota statutes. The claim for slander of title is similarly confusing. It alleges that Defendants "uttered and publicized slanderous words against Plaintiff," and makes reference to illegal search warrants, excessive force, malicious prosecution, intentional infliction of emotional distress, and violations of Plaintiff's right to freedom of speech. Plaintiffs final claim, to quiet title, appears to alleges that by appointing an "ineligible beneficiary," the original lender severed the note from the deed of trust, rendering the deed of trust void and unenforceable. All allegations are extremely conclusory, and do not meet the pleading standard set forth in Twombly and Iqbal.

In all claims, Plaintiff's SAC seeks to void and roll back the completed non-judicial foreclosure. As discussed above, the time for challenging the foreclosure is long past. See Mikityuk, 952 F. Supp. 2d at 970. Accordingly, I conclude that amendment of Plaintiff's complaint would be futile. Plaintiff's Motion to Amend the Complaint is DENIED.

## V. Dismissal With Prejudice

Defendants request that dismissal be with prejudice. Although pro se pleadings are held to less stringent standards

than those drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), I note that Plaintiff has already amended his complaint. As discussed above, Plaintiff's second attempt to amend his complaint would be futile. I see no possibility that Plaintiff might further amend his complaint to state a claim. Accordingly, dismissal is with prejudice.

### Conclusion

Defendants Northwest Trustee Service, Inc. and CFNA Receivables Inc.'s Request for Judicial Notice (#54) is GRANTED. Plaintiff's Request for Judicial Notice (#63) is GRANTED in part and DENIED in part. Plaintiff's Motion for Leave to File Amended Complaint (#58) is DENIED. Defendants' Motions to Dismiss (##49, 53, 54) are GRANTED. This case is DISMISSED with prejudice. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 5 day of January, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE

11- ORDER